**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**DIANE L. THOMPSON,**

Plaintiff,

v.

**METROPOLITAN LIFE INSURANCE COMPANY, a New York Corporation,**

Defendant.

Civil No. 01-1396 (JEL/JGL)

**ORDER**

APPEARANCES

Fay E. Fishman, Esq., on behalf of Plaintiff

Michael F. Cockson, Esq., on behalf of Defendant

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on December 10, 2002 on Plaintiff's Motion to Compel Responses to Discovery Requests, to Extend Discovery Deadline, and for Costs and Fees (Doc. No. 19). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. INTRODUCTION

This case arises out of an insurance coverage dispute. Plaintiff suffers from fibromyalgia ("FMS"), chronic fatigue syndrome ("CFS"), depression, and anxiety. Prior to filing her claim for disability benefits, Plaintiff

FILED DEC 13 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

worked for Vista Information Systems as a system consultant. While employed at Vista, Plaintiff participated in Vista's long-term disability plan, which was administered by Defendant Metropolitan Life. Defendant denied Plaintiff's application for long-term disability benefits. After exhausting her administrative remedies, Plaintiff filed the instant suit claiming that Defendant violated the Employee Retirement Income and Security Act of 1974 ("ERISA").

## II. DISCUSSION

In the instant motion, Plaintiff seeks discovery related to the appropriate standard of review which will be applied in this case. Specifically, Plaintiff seeks information regarding possible conflicts of interest and procedural irregularities in conjunction with Defendant's denial of her claim for long-term disability benefits. Plaintiff's discovery requests are embodied in nine disputed interrogatories.

### A. Plaintiff's Motion to Compel Discovery

The Federal Rules of Civil Procedure provide for liberal discovery. See Fed. R. Civ. P. 26(b)(1); Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U. S. 495, 501 (1947). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . [and] reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Limited only by the broad scope of Rule 26(b), a party has the right to request any information within the

"possession, custody, or control" of the party being served. Fed. R. Civ. P. 34(a).

ERISA provides a plan beneficiary with the right to judicial review of a benefits decision. See Woo v. Deluxe Corp., 144 F.3d 1157, 1160 (8th Cir. 1998) (citing 29 U.S.C. § 1132(a)(1)(B)). When a benefits plan governed by ERISA gives the plan administrator discretion to determine eligibility, courts usually review decisions of the administrator under an abuse of discretion standard. See Schatz v. Mutual of Omaha Ins. Co., 220 F.3d 944, 946 (8th Cir. 2000) (citations omitted).[1] However, when a plaintiff presents "material, probative evidence demonstrating that (1) a palpable conflict of interest . . . existed, which (2) caused a serious breach of the plan administrator's fiduciary duty to her" the court will employ a less deferential standard of review. Id. at 947 (quoting Woo, 144 F.3d at 1160 (ellipses in original)). Once a plaintiff demonstrates that she has met this "two-part gateway requirement," the reviewing court must apply a "sliding-scale approach" to determine how much deference is due the plan administrator's decision. Id. Plaintiff seeks the disputed information so she can discover evidence relating to the gateway requirement.

---

[1] The Parties do not dispute that the plan at issue gives the plan administrator discretionary authority.

Defendant argues that information related to the standard of review is not relevant to this case because thus far Plaintiff has failed to identify a palpable conflict of interest or procedural irregularity which affected the decision maker. (Def. Mem. Opp. Pl. Mot. Compel at 12.) The Court finds Defendant's argument premature. At this point in the litigation Plaintiff need not establish a conflict or irregularity that triggers a heightened standard of review. Rather, Plaintiff need only demonstrate that such an inquiry is relevant to the case. Whether or not the evidence will lead to successful argument at trial is not an issue currently before this court. Moreover, the Court finds that, contrary to Defendant's assertion, the instant motion does not represent the first time Plaintiff raised the issue of conflict of interest. The Parties' Joint Rule 26(f) Report stated that Plaintiff would be seeking discovery in this area. (Doc. No. 6 at 3.)

The Court finds that limited discovery regarding conflicts of interest and procedural irregularities is warranted in this case. At this juncture, the Court notes Plaintiff's failure to comply with D. Minn. LR 37.2 concerning disputed interrogatories. Plaintiff's failure to provide a "concise recitation of why [Defendant's] response or objection [to each interrogatory] is improper" leaves the Court to guess which of Plaintiff's broad arguments pertains to each disputed interrogatory. See D. Minn. LR 37.2.

**1. Interrogatory No. 2**

Interrogatory No. 2 seeks information related to "all persons who participated in any way, directly, or indirectly, in assessing Ms. Thompson's medical condition or eligibility for benefits" and "all documents used to form the basis of your decisions, including without limitation, records, memos, reviews, internal documents, guidebooks, manuals or any other materials pertaining to determinations of claims concerning CFS and FMS, generally."

Defendant originally objected to this interrogatory on the bases of ambiguity, overbreadth, burdensomeness, relevancy, and inability to lead to the discovery of admissible evidence. Defendant subsequently produced Plaintiff's claim file and relevant plan documents. (Def. Mem. Opp. Pl. Mot. Compel at 2-3.) In addition, Defendant offered to produce documents relating to its internal policies, including CFS and Fibromyalgia-specific disability claim materials. (Id. at 4.) However, Defendant premised this production on the condition that the Parties execute an appropriate protective order. (Id.) At this time, Plaintiff has yet to sign Defendant's proposed protective order, or even suggest appropriate changes. (Id.; Cockson Aff. Ex. A.)

The Court finds the production contemplated by Defendant responsive to Plaintiff's request. Plaintiff's request for information relating to all persons who participated in any way directly, or indirectly is overbroad and ambiguous. Moreover, Plaintiff proffers no evidence that the claim file does not

identify the important decision makers in her case. Therefore, this part of Plaintiff's motion is denied.

On the other hand, information related to Defendant's policies regarding CFS and fibromyalgia is very relevant to the instant case. The Court is dismayed that Plaintiff has refused to take reasonable steps to protect Defendant's confidential information. Plaintiff proffers no excuse for her failure to negotiate an appropriate protective order, in spite of the fact that Defendant first requested such an order six months ago. (Def. Mem. Opp. Pl. Mot. Compel at 4.) The Parties must enter into an appropriate protective order before Defendant is required to produce its confidential information.

This part of Plaintiff's motion is granted as to the production of documents used to form the basis of Defendant's decision in this case, and as to Defendant's internal policies regarding its handling of CFS and FMS claims.

**2. <u>Interrogatory No. 3</u>**

> Interrogatory No. 3 seeks "all documents that relate to the administration and evaluation of disability claims by Metropolitan, where the claimant suffers from CFS and/or FMS, including without limitation, guidelines, internal memoranda, policies, procedures, practices, recommendations and position statements on the subject, and all documents discussing the proof required for disability benefits to be provided for people with CFS and FMS.

The Court finds this information relevant to Plaintiff's claims. However, the Court finds much of this information duplicative of information sought in Interrogatory No. 2. To the extent that responsive documents are not

produced in Response to Interrogatory No. 2, Defendant must provide the requested information subject to a protective order. Accordingly, this part of Plaintiff's motion is granted.

### 3. __Interrogatory No. 4__

Interrogatory No. 4 seeks information related to the individuals identified in Part One of Interrogatory No. 2. Since the Court has determined that Defendant need not answer Part One of Interrogatory No. 2, this part of Plaintiff's motion is denied. Furthermore, the Court notes that Defendant has provided information related to the compensation and experience of its claim handlers and consulting physician. (Cockson Aff. Ex. A at 1; Def. Mem. Opp. Pl. Mot. Compel at 10.)

### 4. __Interrogatory No. 5__

Interrogatory No. 5 asks Defendant to

> identify the total number of insureds/subscribers who applied for benefits on the basis of disability due to CFS and/or FMS, and state the number of such claims that were paid benefits, and the number of such claims that were denied benefits [for the years 1999 to the present].

Defendant originally objected to this interrogatory on the bases of overbreadth, burdensomeness, relevancy, and inability to lead to the discovery of admissible evidence. At the motion hearing, Defendant stated that this information is irrelevant because an ERISA decision is purely an individual determination. In its opposition papers and at the motion hearing, Defendant

also argued that to produce this information, it would have to redact all identifying information from its claim files; "manually review every claim every submitted to Defendant;" and defend each of its individual claim decisions (Def. Opp. Pl. Mot. Compel at 5.)

The Court disagrees with Defendant's view that this information is not reasonably calculated to identify a conflict of interest or procedural irregularity. (Cockson Aff. Ex. A at 1.) At the motion hearing, Plaintiff's Counsel indicated that part of her theory of the case is that Defendant's agents may not ever consider fibromyalgia to be a disability. The information sought in this interrogatory is responsive to that inquiry. Nonetheless, the Court finds that the relevant time period is shorter than the time period proposed by Plaintiff. Plaintiff ceased working on February 17, 2000. (Pl. Mem. Supp. Mot. Compel at 2.) Defendant's final review of Plaintiff's claim was completed on March 2, 2001. (Id. at 3.) Therefore, the Court finds the relevant time period to be July 1999 through March 2001. Discovery related to this time period should provide Plaintiff the opportunity to discover a pattern of denial, if one exists, without requiring Defendant to search through more records than necessary.

Although Defendant states that it will have to manually search all files to obtain relevant information, it does not support this burdensomeness objection in any way. Unsupported objections are inappropriate. See Fed. R.

Civ. P. 33(b)(4). The fact that Defendant's record keeping system may not allow easy access to this information is also of little consequence. See Snowden v. Connaught Labs, Inc., 137 F.R.D. 325, 333 (D. Kan. 1991) (quoting C. Wright & A. Miller, 8 Fed. Practice & Procedure § 2214 (1970)).

The Court further finds that Defendant need not worry about redacting identifying information or defending individual decisions. All Plaintiff seeks is numbers. Numbers do not implicate privacy concerns, and do not require an inquiry into the merits of individual decisions. Therefore, this part of Plaintiff's motion is granted as to information for the time period from July 1999 through March 2001, and denied in all other respects.

**5. Interrogatory No. 6**

Interrogatory No. 6 seeks information related to the "nature of the positions at Metropolitan of Cheryl Flippo and Patricia Kuhn and their experience in the field of long-term disability claims." The interrogatory also seeks detailed information related to Ms. Flippo's and Ms. Kuhn's training in the area of CFS and FMS claims, and information regarding Ms. Flippo's and Ms. Kuhn's handling of CFS and FMS claims. Defendant proffered unsupported boiler plate objections to this interrogatory, and also stated that:

> Patricia Kuhn has worked for MetLilfe in the disability area for thirteen-and-a-half years. She was a short-term disability case manager for approximately four years and received regular training from MetLife. Ms. Kuhn has been an appeal specialist from 1998 through 2002 dealing in both short-and long-term disability cases. Ms Kuhn became a Unit Manager in 2002. Cheryl Flippo has been

> a long-term disability case manager since April 1997. Ms. Flippo became a disability resource specialist in 2001 but continues to handle disability claims. Both Ms. Kuhn and Ms. Flippo have handled several CFS and FMS claims.

The Court finds Defendant's response incomplete. Although Defendant argues that ERISA does not require specific training for claim handlers, the experience of those who handled Plaintiff's claim is relevant to the instant case. If discovery reveals that Ms. Flippo and Ms. Kuhn routinely deny CFS and FMS claims, or that Defendant's CFS and FMS training encourages benefits denials, that information could be relevant to Plaintiff's argument that Defendant may not consider FMS a viable disability. Defendant must supplement its answer to provide the following information: (1) the duties, tasks and responsibilities for each of the positions Ms. Flippo and Ms. Kuhn have held at MetLife, (2) the number of CFS and FMS claims each has handled and the ultimate determination of those claims, and (3) the nature of the "regular training" mentioned in Defendant's answer. Thus, this part of Plaintiff's motion is granted.

**6. <u>Interrogatory No. 7</u>**

Plaintiff's Interrogatory No. 7 seeks information related to Dr. Greenhood's relationship with Defendant. Dr. Greenhood is the physician who reviewed Plaintiff's medical records for Defendant, and concluded that Plaintiff was not disabled. Part 1 of the interrogatory seeks "[t]he amount paid to Dr. Greenhood for his services on an individual case basis and the annual income

from Metropolitan." Part 2 seeks "[t]he total number of long-term disability cases which [sic] Defendant Metropolitan has consulted Dr. Greenhood." Parts 3-6 seek information related to the total number of disability cases in which Dr. Greenhood has found or failed to find a disability, and information related to whether Defendant granted benefits in those cases. Parts 7-11 seek similar information regarding cases involving claims of CFS and FMS. Defendant proffered unsupported boiler plate objections to this interrogatory, and also stated the following:

> Dr. Greenhood is an independent consulting physician that began his relationship with MetLife in April 2000. His hourly rate for consultation services related to this case was $150 per hour. Dr. Greenhood has worked on several hundred cases for MetLife, billing MetLife approximately 25 hours per week during the 2000-2001 time period.

First, the Court finds the discovery sought in Parts 3-6 irrelevant to the instant case. Plaintiff's claim involves CFS and fibromyalgia. Denials regarding other disabilities are irrelevant to the instant inquiry.

Second, the Court finds the discovery sought in Parts 7-11 relevant to the instant case. Plaintiff seeks information which may establish that Dr. Greenhood has a bias against fibromyalgia claims. If this bias exists, it would support Plaintiff's allegation of procedural irregularities. Contrary to the argument proffered by Defendant at the motion hearing, this inquiry does not require Defendant to investigate its determination in every individual case. Once again, all Plaintiff seeks are the numbers. If Defendant chooses to

conduct its own investigation of the cases, that it Defendant's prerogative, but it is not necessary in order to fully answer this interrogatory.

Third, the Court finds Defendant's previous answer properly responsive to Parts 1-2 of the interrogatory. Therefore, this part of Plaintiff's motion is granted in part and denied in part.

**7. <u>Interrogatory No. 10</u>**

Interrogatory No. 10 asks Defendant to "[i]dentify the annual profits made or losses incurred by Metropolitan with respect to the group long-term disability contract issued to the Plan from 1999 through present."

The Court finds this interrogatory overbroad and irrelevant. Defendant has already provided certification that no incentives are given for denying claims. (Def. Mem. Opp. Mot. Compel at 10.) Highly confidential information related to Defendant's annual earnings is too attenuated to be relevant. This part of Plaintiff's motion is denied.

**8. <u>Interrogatory No. 13</u>**

Interrogatory No. 13 asks Defendant to "[s]tate whether anyone has ever filed a charge or complaint with any government agency or with any court alleging that you were in conflict of interest in determining whether to grant or deny his or her benefit claim." Defendant argues, inter alia, that such information is irrelevant. The Court agrees. This part of Plaintiff's motion is denied.

**9. <u>Interrogatory No. 14</u>**

Interrogatory No. 14 asks whether "any opinion, judgment . . . or any other judicial, administrative, or arbitral order ever found that you were in a conflict of interest in determining whether to grant or deny a benefit claims [sic] or forbid you to be in a conflict of interest . . . in determining whether to grant or deny benefit claims?" Defendant argues, inter alia, that such information is irrelevant. The Court agrees. This part of Plaintiff's motion is denied.

**B. <u>Plaintiff's Request to Extend Discovery Deadline</u>**

The most recent discovery deadline in this case was December 1, 2002. Plaintiff seeks a modest extension of this deadline. The Court finds a forty-five day extension reasonable. This part of Plaintiff's motion is granted.

**C. <u>Plaintiff's Request for Costs and Fees</u>**

Plaintiff's request for costs and fees associated with bringing the instant motion is denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Plaintiff's Motion to Compel Responses to Discovery Requests, to Extend Discovery Deadline, and for Costs and Fees (Doc. No. 19)

is **GRANTED IN PART** and **DENIED IN PART** as set forth fully in the body of this Order;

(2) Defendant must comply with this Order and respond to any outstanding discovery requests by January 13, 2003;

(3) The Parties must submit a stipulated protective order to the Court for its signature by January 6, 2003; and

(4) The discovery deadline is extended until January 15, 2003.

Dated: December 12, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge